

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| S.C. JOHNSON & SON, INC., | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 05 C 1046 |
| BUZZ OFF INSECT SHIELD, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff S.C. Johnson & Son, Inc., has filed a six-count complaint against defendant Buzz Off Insect Shield, LLC ("BOIS"). S.C. Johnson asserts that Defendant's BUZZ OFF mark is confusingly similar to S.C. Johnson's OFF! and BUZZOFF marks and charges BOIS with trademark infringement, unfair competition, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a); unjust enrichment; and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act. BOIS has moved to transfer venue to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a), or to dismiss the case pursuant to Rule 12(b)(7) for failure to join an indispensable party, namely the entity that produces the allegedly offending products on behalf of BOIS. For the following reasons, the Court grants the motion to transfer venue.

### Facts

The Court takes the following facts from S.C. Johnson's complaint, which we take as true for purposes of the motion to transfer.

S.C. Johnson, a Wisconsin corporation with its principal place of business in Racine, Wisconsin, manufactures, under the trademark OFF and related marks, a variety of insect repellent products. S.C. Johnson's OFF! brand insect repellents are the leading selling insect repellents in the United States and can be purchased at a wide variety of retail outlets, including on-line retailers. S.C. Johnson began using the OFF! mark in 1957 and obtained a federal registration for the mark in 1990.

BOIS, a North Carolina limited liability company with its principal place of business in Greensboro, North Carolina, is a competitor of S.C. Johnson in the insect repellent market. BOIS manufactures a brand of insect repellent clothing bearing the mark BUZZ OFF, which has been treated with an insecticide in a manner that, according to BOIS, has the effect of protecting the wearer of the clothing from being bitten by insects. BUZZ OFF apparel is sold at outdoor-specialty stores and through on-line retailers. In December 2002, BOIS acquired the rights to the BUZZ OFF mark from R.A. Lane Corporation, which had obtained federal registration for the mark in October 2001.

In October 2002, S.C. Johnson learned that BOIS had filed a federal application to register BUZZ OFF as a mark to be used on apparel. In response, S.C. Johnson filed an opposition to BOIS's registration with the U.S. Trademark Office in February 2003, based on a likelihood of confusion with S.C. Johnson's OFF marks. After attempts to negotiate a resolution with BOIS were unsuccessful, S.C. Johnson commenced an opposition proceeding before the U.S. Trademark Office's Trademark Trial and Appeal Board. BOIS then filed additional applications with the U.S. Trademark Office for BUZZ OFF for use with apparel and related goods.

Maryed International, Inc., a Florida corporation that is not a party to this case, also produces insect repellent apparel. A variety of specialty retailers in the United States, as well as WalMart stores in the southeastern United States, have sold Maryed's BUZZOFF Outdoor Wear. Maryed obtained a Florida trademark registration for BUZZOFF in June 1992 and has continuously used the mark in interstate commerce since that date.

On March 7, 2003, BOIS's Chairman and CEO, Haynes Griffin, and its President, Richard A. Lane, met with Maryed's President and Director, Mary Baltes, to explain their intention to launch a new line of insect repellent apparel and allegedly also sought to acquire Maryed's BUZZOFF trademark rights. Baltes rejected the proposal. A few months later, in August 2003, BOIS launched its BUZZ OFF line of apparel. Since then, a number of customers have contacted Maryed to determine the company's affiliation with BUZZ OFF or BOIS. In February 2005, S.C. Johnson acquired all of the rights to Maryed's BUZZOFF trademark and, shortly thereafter, filed a federal trademark application for BUZZOFF.

In this suit, S.C. Johnson alleges that BOIS adopted its BUZZ OFF mark despite the likelihood of confusion with S.C. Johnson's marks and that BOIS's BUZZ OFF mark is substantially similar in sound and appearance to both S.C. Johnson's OFF! and OFF-based series of marks and to its BUZZOFF mark. Because the products are sold in the same channels of trade, S.C. Johnson also asserts that BOIS's use of its mark creates a likelihood of confusion as to the origin of apparel bearing the BUZZ OFF mark.

## Discussion

"A district court may transfer a civil action for the convenience of the parties and witnesses [and] in the interests of justice ... to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of demonstrating that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986). In deciding a motion to transfer, the court must evaluate the convenience of the parties and witnesses involved by considering: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums." *Millennium Prods.*, 127 F. Supp. 2d at 980.[1] Transfer will not be ordered if it would merely shift the burden of inconvenience from one party to the other. *See, e.g., Millennium Prods. v. Gravity Boarding Co.*, 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000).

### 1. Plaintiff's choice of forum

The plaintiff's choice of forum is generally given substantial deference. *See, e.g.,* party. *College Craft Companies, Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). But no extra weight is given to this factor if, as in the present case, the plaintiff does not reside in the forum it selected. In such a case, the plaintiff's choice is merely a factor to consider along with the others. *See Doage v. Board of Regents*, 950 F. Supp. 258, 259-60 (N.D. Ill. 1997). Because S.C. Johnson does not actually reside in this district, its preference has nominal value.

### 2. Situs of material events

Courts assessing whether to transfer intellectual property cases like this one often focus

---

[1] The parties do not argue that the interests of justice, ordinarily a factor in the § 1404(a) analysis, tilts the balance one way or the other.

4

on the "activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997) (citations omitted). BOIS is located in North Carolina, and the development of the product at issue in this case likewise occurred in that state. This factor favors transfer.

S.C. Johnson contends that transfer is inappropriate because the injury in a trademark infringement case occurs where the infringing sales are made. Because BOIS sold its products nationwide, S.C. Johnson says, the situs of material events is throughout the country. Perhaps so, but that factor does not counsel against transfer – or, more particularly, in favor of keeping the case in this District – as there is no reason to believe that any injury that occurred here is any more significant than any injury that occurred in any other district. *See Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, *13-14 (N.D. Ill. Oct. 31, 2002) ("[T]he fact that a few entities in Illinois sell the allegedly infringing product does not establish a particularly strong connection between Illinois and this cause of action.").

### 3. Access to sources of proof

The location of a party's documents and records is "usually not a very persuasive reason to transfer a case." *Photogen, Inc. v. Wolf*, No. 00 C 5841, 2001 WL 477226, *5 (N.D. Ill. May 7, 2001) (citation omitted). Regardless of where the case is litigated, "all relevant documents will have to be collected, copied, inspected and sent to the offices of trial counsel." *School Stuff, Inc. v. School Stuff, Inc.*, No. 00 C 5593, 2001 WL 558050, *5 (N.D. Ill. May 21, 2001).

### 4. Convenience of witnesses

The convenience of witnesses is often the most important factor in deciding whether to

grant a motion to transfer. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). In determining whether a particular venue is more convenient for the witnesses, a court must consider the number of witnesses in each forum; the nature, quality, and importance of the witnesses' testimony with respect to the issues of the case; the expense of transportation and the length of time the witnesses will be absent from their jobs; and whether the witnesses can be compelled to testify. *Id.*; *see also, e.g., Medi USA, L.P. v. Jobst Institute, Inc.*, 791 F. Supp. 208, 211 (N.D. Ill. 1992). However, the convenience of witnesses who are employees of a party to the case is generally assigned little weight, as it is assumed the party will ensure their appearance at trial. *See, e.g., Applied Web Sys., Inc. v. Catalytic Combustion Corp.*, No. 90 C 4411, 1991 WL 70893, at *5 (N.D. Ill. Apr. 29, 1991).

The only likely non-party witnesses identified by either party in this case reside in states other than Illinois. Mary Baltes of Maryed resides in Florida. International Garment Technologies, LLC, the corporate affiliate of BOIS that BOIS asserts is responsible for the producing its insect repellent apparel, is located in North Carolina. The home offices of the third-party distributors named are all located in states other than Illinois.

S.C. Johnson concedes that "none of these non-parties reside in this judicial district," Resp. at 7, but contends this District is still more convenient than North Carolina because it is more centrally located and has a major international airport. This argument is unconvincing. O'Hare International Airport is convenient, if at all, primarily because it serves as a hub for major airlines, resulting in a greater number of flights to and from most destinations. But Greensboro, North Carolina, where the proposed transferee district and division is located, is hardly a transportation backwater. Among other things, Greensboro's airport is served by several

major airlines and has daily flights from Chicago, New York, Washington, DC, several cities in Florida, and many other major cities. *See* http://www.ptia.org/greensboro_airlines.asp. The relatively slight inconvenience that any third party witnesses traveling to court might experience due to the need to plan their flight times more carefully is not a reason to keep the case in Chicago.

5.     **Convenience of the parties**

In assessing the convenience of the parties, "the court should consider the parties' respective residences and their ability to bear the costs of litigating in a particular forum." *Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.*, 200 F. Supp. 2d 941, 947 (N.D. Ill. 2002). Transfer is inappropriate if it will merely "shift the balance of inconvenience from the defendant to the plaintiff." *E.g., Millennium Prods.*, 127 F. Supp. 2d at 980. S.C. Johnson contends that it is more convenient for the parties to litigate in Chicago because its headquarters are within 100 miles of this Court. But as we have noted, S.C. Johnson's chosen forum is not its home forum. Thus, this is not the typical transfer case in which a party is trying to avoid having to be the one that has to litigate outside its home district. Transfer to North Carolina would enable at least one of the parties to litigate in its home forum, making it more than just a mere shift in inconvenience.

In addition, S.C. Johnson may be better positioned than BOIS to bear the expenses of litigating in a foreign forum. *See, e.g., Allied Van Lines, Inc.*, 200 F. Supp. 2d at 947; *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989). BOIS is a small company, especially when compared to S.C. Johnson, a large, multi-national corporation. It is likely that S.C. Johnson can better afford to litigate in a foreign forum – indeed, it chose to

do so by filing this case outside its home district.

## Conclusion

For the reasons stated above, the Court concludes that transfer of the case would serve the convenience of the parties and witnesses and that the proposed transferee forum is clearly more convenient than this District. The Court therefore grants defendant's motion to change venue [docket # 9-1]. The Clerk is directed to transfer this case to the Middle District of North Carolina, Greensboro Division. Defendant's motion to dismiss is terminated [docket # 15-1] and should be addressed by the transferee court.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 28, 2005